J-S38030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :           PENNSYLVANIA
      :
      v.                   :
      :
      :
      :
ALFONSO BODDIE,           :
      :
      Appellant       :   No. 3120 EDA 2018

Appeal from the PCRA Order Entered October 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000248-2015

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:           **FILED OCTOBER 25, 2019**

Appellant, Alfonso Boddie, appeals from the October 17, 2018 Order

dismissing as meritless his first Petition for relief filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, challenging the

effectiveness of his trial and appellate counsel.  After careful review, we affirm.

On direct appeal, we summarized the facts underlying Appellant's

convictions as follows:

> [At Appellant's bench trial, the victim] testified that in the early
> morning hours of October 25, 2014, at approximately 12:30 a.m.,
> she left her apartment, in the City and County of Philadelphia,
> intending to go to her brother's house in another part of the city.
> She left after an argument with her husband and without any
> money. As she approached the 4400 block of Frankford Ave, she
> encountered a woman who offered to help her find a ride and who,
> a short while later, introduced her to [Appellant] who offered to
> take her to her brother's house.
>
> [Appellant] appeared to be respectful and to be nonthreatening,
> so [the victim] accompanied [Appellant] up to his apartment,
> where they talked and she drank a beer. At approximately 2:00

_____
*   Retired Senior Judge assigned to the Superior Court.

a.m. they drove to two separate locations looking to purchase more beer. They returned at approximately 3:30 a.m. with a few beers and a water bottle containing a pink liquid. She went up to [Appellant]'s apartment and drank more beer.

A short while after returning, [Appellant] became angry when he couldn't find the water bottle. Attempting to calm him down[, the victim] turned on the radio, to no avail. She testified that at this point [Appellant] grabbed her and started pulling her towards the bedroom. Stalling for time, she persuaded him to let her go into the kitchen to wash her hands where she found a knife which she put in her pants and returned to the couch. She testified that [Appellant] then pulled her onto the bed, she told him; "No, I don't want to do this." He then started to remove her clothes and "put his penis in [her]." She also testified that although she attempted to fight [Appellant] off, he got further up on her and started to choke her in an attempt to further subdue her.

She told [Appellant] that she had to go to the bathroom, and instead she fled down the stairs. [Appellant], grabbing her by her hair, caught her at the top of the stairs, whereupon, she turned around and started stabbing him. When [Appellant] loosened his grip, she dropped the knife and fled naked out into the street.

Mr. Thomas Redstone–Brophy testified that he is employed as a sexual assault nurse examiner at the Philadelphia Sexual Assault Response Center and, that as part of his duties, he examined [the victim] that same day, at approximately 12:45 p.m. As part of his examination, he took pictures of her neck showing bruising, which he testified was consistent with strangulation.

*Commonwealth v. Boddie*, No. 3734 EDA 2015 (Pa. Super. February 28, 2017) (unpublished memorandum).

On January 15, 2014, after a bench trial, the trial court found Appellant guilty of Rape, Indecent Assault, Sexual Assault, and Unlawful Restraint. On October 15, 2015, the trial court sentenced Appellant to an aggregate term of 7 to 15 years' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on November 25, 2015. On December 3, 2015,

Appellant timely appealed, and on February 28, 2017, this court affirmed Appellant's Judgment of Sentence. *Id.* Appellant did not seek *allocator* in the Supreme Court of Pennsylvania.

On June 16, 2017, Appellant filed a timely *pro se* PCRA Petition. The PCRA court appointed counsel, and on February 20, 2018, Appellant filed an Amended PCRA Petition, asserting, *inter alia*, ineffective assistance of counsel. On October 17, 2018, the PCRA court dismissed Appellant's Petition as meritless.[1]

Appellant timely appealed. Both Appellant and the PCRA Court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the court erred in denying [] Appellant's PCRA [P]etition without an evidentiary hearing on the issues raised in the [A]mended PCRA Petition regarding trial counsel's ineffectiveness.

2. Whether the court erred in not granting relief on the PCRA [P]etition alleging counsel was ineffective?

Appellant's Br. at 8.

---

[1] Our review of the record reveals that the PCRA court did not hold a hearing on the Amended PCRA Petition. We acknowledge that the PCRA court failed to provide Appellant the mandatory Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing. However, Appellant has not challenged this on appeal and, thus, the issue is waived. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.")

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Root***, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

In his Amended PCRA Petition and in his Brief, Appellant claims that his trial counsel was ineffective for failing to: 1) seek reconsideration of his sentence; 2) investigate, interview, and call witnesses to testify at trial; 3) present character witnesses at sentencing; and 4) "accept" a mistrial. Amended PCRA Petition, 2/20/18, at 3, ¶ 19; Appellant's Br. at 16-21, 23-24. Appellant also claims that appellate counsel was ineffective for failing to challenge the weight of the evidence. Amended PCRA Petition, 2/10/18, at 3, ¶ 19; Appellant's Br. at 21-23.

We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A court will deny the claim if the petitioner fails to meet any one of these prongs. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016).

In his first averment, Appellant claims that trial counsel was ineffective for failing to file a motion seeking reconsideration of his sentence. Amended PCRA Petition, 2/20/18, at 3, ¶ 19(A). Appellant argues that the sentencing court erred when it failed to consider the relevant sentencing factors when

imposing Appellant's "harsh and unreasonable" sentence, despite the fact that the sentencing court issued a sentence within the sentencing guidelines. *See* *Id.* at 12-13.

When asserting that trial counsel is ineffective for failing to file a motion for reconsideration of sentence, the petitioner must prove actual prejudice. *Commonwealth v. Reaves*, 923 A.2d 1119, 1131–32 (Pa. 2007). To demonstrate prejudice, a petitioner must plead and prove that a motion to reconsider sentence, if filed, would have led to a "different and more favorable outcome[,]" namely, "if counsel's objection secured a reduction of his sentence." *Id.*

Instantly, the PCRA court concluded that Appellant failed to plead and prove that trial counsel's failure to file a motion to reconsider sentence prejudiced Appellant. We agree.

The trial court noted that it sentenced Appellant "only on the [R]ape charge to a period of confinement of 7 to 15 years, clearly within the lower range of the guidelines" and concluded that Appellant's "sentence was reasonable under the circumstances and had [Appellant] filed a motion for reconsideration, the [c]ourt would have denied it." PCRA Ct. Op., filed 11/15/18, at 7. Appellant fails to demonstrate that a motion for

reconsideration would have secured a reduction in his guideline sentence, and, thus, Appellant failed to meet the prejudice prong of the ineffectiveness test.[2]

Appellant next avers that trial counsel was ineffective when he failed to investigate, interview, and call witnesses to testify at trial. *Id*. at 3, ¶ 19(B). Appellant baldly asserts, without citation to the record or certifications from trial counsel or any potential witnesses, that trial counsel failed to investigate, interview, and call on-scene witnesses that would have been beneficial to his defense, including a "black woman" on the street corner and "[p]aramedics[.]" *Id.* at 13.

Our Supreme Court has explained, "failing to interview a witness is distinct from failure to call a witness to testify." ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008). Moreover, "where there is a limited amount of evidence of guilt, it is *per se* **unreasonable** not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge on the credibility of other witnesses." *Id.* (emphasis in original). However, the petitioner still has the burden to plead and prove that such an omission is prejudicial. *Id.*

---

[2] Moreover, Appellant's single-sentence assertion in his Amended PCRA Petition that "there was no 'reasonable basis' for counsel not to file a timely motion to reconsider the Petitioner's sentence" fails to meet the second prong of the ineffectiveness test and is, likewise, fatal to his claim. ***See*** Amended PCRA Pet., 2/20/18, at 13.

When a petitioner raises a claim of failure to call a potential witness, the petitioner must establish that:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009). To satisfy the prejudice prong of this analysis, a defendant "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." **Commonwealth v. Gibson**, 951 A.2d 1110, 1134 (Pa. 2008) (citations omitted).

The trial court concluded that Appellant failed to establish that the proposed witnesses actually existed or that their testimony would have an effect on the outcome of the trial. PCRA Ct. Op. at 8. We agree. As stated above, Appellant did not provide the trial court or this Court with certifications indicating that the putative witnesses were available and willing to testify, that counsel knew of their existence, and verifying the substance of their testimony. Appellant, thus, fails to meet his burden to plead and prove that trial counsel was ineffective.

Appellant next contends that trial counsel was ineffective for failing to present character witnesses at sentencing. Amended PCRA Pet., 2/20/18, at 3, ¶ 19(D).

For this claim, Appellant does provide nine potential witness affidavits attesting to his good reputation in the community and averring that each witness existed, each witness was available, and each witness was willing to testify for the defense. *See id.* at Appendix A. However, aside from a bald assertion that "counsel did not call any of the character witnesses that petitioner requested be called at sentencing[,]" Appellant did not plead and prove that counsel knew or, or should have known of, the existence of the witnesses. *See id.* at 16. Moreover, Appellant, who received a guideline sentence, fails to plead and prove what, if any, prejudice he suffered because of trial counsel failing to call the nine character witnesses. Finally, the PCRA court opined, "given the seriousness of his crime, these statements . . . would have had no impact on his sentence." PCRA Ct. Op. at 8. Appellant, once again, fails to meet his burden to plead and prove that trial counsel was ineffective.

Appellant next contends that trial counsel was ineffective for failing "to accept a mistrial when one was offered by the [c]ourt after the [Assistant District Attorney ("ADA")] introduced prior bad acts to the judge." Amended PCRA Pet., 2/20/18, at 19. Appellant avers that he did not understand the ramifications of the ADA advising the court of a prior conviction prior to trial. *Id.* at 20. This claim is meritless.

Our review of the record reveals that at the start of the bench trial, the ADA advised the court that Appellant might be subject to a second strike rule due to a prior conviction in 1982. N.T. Trial, 6/26/15, at 9. Appellant's

counsel objected and requested that the trial court recuse itself. *Id*. The trial court colloquied Appellant explaining the significance of his counsel's objections, and offered to declare a mistrial. *Id*. at 9-11. After Appellant and his counsel engaged in discussion off the record, Appellant's counsel informed the court that Appellant wished to "waive the issue" and continue with the scheduled trial. *Id*. at 12. The trial court stated for the record, "It doesn't matter. It really had no impact on – this case stands by itself. I mean, he either did this or he didn't do it. The fact that – what's that, over thirty years ago? Yeah, so what?" *Id.* at 12.

The PCRA court concluded that Appellant failed to "establish that he was prejudiced by agreeing to proceed to trial." PCRA Ct. Op. at 13. We agree.

In his Amended PCRA Petition, Appellant proffered nothing to the PCRA court to refute his on-record agreement to proceed to trial and fails to explain how or why he was prejudiced by his counsel's actions. Appellant merely states, "it is clear from the above that counsel's actions were deficient and that Petitioner was prejudiced by counsel's performance in this case." Amended PCRA Pet., 2/20/18, at 20. Without demonstrating prejudice, Appellant fails to meet his burden to plead and prove that trial counsel was ineffective.

Finally, Appellant asserts that appellate counsel was ineffective when he filed a Post-Sentence Motion asserting that the verdict was against the weight of the evidence but did not pursue the claim on appeal. Amended PCRA Pet. at 17-18.

A claim of appellate counsel ineffectiveness involves concerns unique to appellate practice. **Commonwealth v. Lambert**, 797 A.2d 232, 244 (Pa. 2001). "Arguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief." **Id.** (citation omitted). The process of focusing on arguments that are most likely to prevail is not "evidence of incompetence," but, rather, "is the hallmark of effective appellate advocacy." **Id**. (citation omitted).

It is well-settled that "[t]he weight of the evidence is exclusively for the finder of fact [,] who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court. **Id**. at 546 (citation and internal quotation marks omitted).

The PCRA court concluded that Appellant's underlying claim lacked arguable merit: "[t]he complainant's testimony was clear and convincing; establishing the elements of the charge of rape. After a careful review of the record, the Court finds that, had appellate counsel challenged the complaint's credibility on appeal, there is little likelihood that he would have prevailed." PCRA Ct. Op. at 11. Our review of the record supports the PCRA court's findings.

Moreover, Appellant fails to demonstrate, or even address, whether appellate counsel's decision not to pursue this claim on appeal lacked a reasonable basis. Accordingly, this ineffectiveness claim fails.

In conclusion, we have examined each claim of ineffective assistance of counsel raised in the Amended PCRA Petition and have determined that there were no genuine issue of material fact in controversy. Accordingly, the PCRA court did not abuse its discretion when it denied PCRA relief without conducting an evidentiary hearing. *See Khalifah*, 852 A.2d at 1240.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/19